# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1056

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Alexander Bradley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: September 18, 2023
Filed: October 6, 2023
[Unpublished]

_____

Before SMITH, Chief Judge, ARNOLD and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Christopher Bradley pleaded guilty to illegally possessing a firearm, *see* 18 U.S.C. §§ 922(g)(1), (g)(9), & 924(a)(2), and to possessing marijuana with the intent

to distribute it, *see* 21 U.S.C. § 841(a)(1), (b)(1)(D). At sentencing, the district court[1] calculated Bradley's base offense level as 24 because he had previously been convicted of at least two felony controlled-substance offenses. The court sentenced him to 102 months' imprisonment.

Bradley maintains that the court erred in determining that he had at least two felony controlled-substance convictions. He says that the convictions he received, including three under Iowa Code § 124.401(1)(d), are broader than the generic definition of "controlled substance offense" as the Guidelines use that phrase. Bradley recognizes, though, that our court has already rejected his contention and held that convictions under § 124.401(1)(d) qualify as controlled-substance offenses. *See, e.g.*, *United States v. Bailey*, 37 F.4th 467, 469 (8th Cir. 2022); *see also United States v. Beard*, 2022 WL 3269973, at *1 (8th Cir. Aug. 11, 2022). We are bound by this precedent. *See Beard*, 2022 WL 3269973, at *1.

Affirmed.

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.